# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-9174 PA (SSx) | Date | December 28, 2017 |
| Title | Rodolfo Ramirez, Jr. v. Wal-Mart Stores, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on December 22, 2017, by defendant Wal-Mart Stores, Inc. (Docket No. 1.) Defendant asserts that the Court has jurisdiction over this action, brought by plaintiff Rodolfo Ramirez, Jr. ("Plaintiff"), based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Here, in an effort to establish Plaintiff's citizenship, the Notice of Removal asserts that:

> Defendant is informed and believes that, at the time the Complaint was filed and at the time of this notice, Plaintiff was an individual, residing in the County of Los Angeles, State of California. (Complaint ¶ 1.) Thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-9174 PA (SSx) | Date | December 28, 2017 |
|---|---|---|---|
| Title | Rodolfo Ramirez, Jr. v. Wal-Mart Stores, Inc., et al. | | |

Plaintiff was and is a citizen of the State of California. (Notice of Removal ¶ 9.) However, a person's residence is not the same as his domicile, so these allegations of Plaintiff's residence do not establish Plaintiff's citizenship. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Therefore, the Notice of Removal does not adequately allege the citizenship of Plaintiff, and Defendant has failed to demonstrate that complete diversity exists.

Even if Defendant had properly alleged Plaintiff's citizenship, which it has not, it must also establish that the amount in controversy exceeds $75,000. When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090–91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint is silent as to the amount in controversy, so Defendant must provide evidence that the amount in controversy exceeds $75,000. Defendant's general allegations about Plaintiff's claims and the various forms of relief that he seeks are insufficient to carry Defendant's burden of establishing that the amount put in controversy by the Complaint exceeds $75,000. (See Notice of Removal ¶¶ 17–19.) Nor is Defendant's discussion of Plaintiff's prayer for attorneys' fees sufficient to establish that the amount in controversy is met. (See id. at ¶¶ 20–22.) Although attorneys' fees may properly be considered as part of the amount in controversy, Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998), decisions from within the Ninth Circuit recognize a "split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-9174 PA (SSx) | Date | December 28, 2017 |
|---|---|---|---|
| Title | Rodolfo Ramirez, Jr. v. Wal-Mart Stores, Inc., et al. | | |

life of the case," Aguilar v. Courtyard Mgmt. Corp., No. CV 13-7181 MMM (SHx), 2014 WL 12597037, at *8 (C.D. Cal. Jan. 13, 2014) (collecting cases). In any event, Defendant has not offered evidence of any accrued attorneys' fees. In addition, Defendant does not adequately analogize the facts of this case to others in which attorneys' fees were awarded, or provide any other basis upon which to estimate an award of attorneys' fees.

As a result Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC679537. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.